IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jaime Guzman, ) | | |
|     Petitioner, ) | | Case No: 15 C 4801 |
| ) | | |
| v. ) | | |
| ) | | Judge Ronald A. Guzmán |
| Greg Gossett, Warden, ) | | |
|     Respondent. ) | | |
| ) | | |

## MEMORANDUM OPINION AND ORDER

Petitioner filed a petition for relief under 28 U.S.C. § 2254 on May 29, 2015. Respondent has moved to dismiss the petition as untimely. Despite being given an opportunity to reply, including one extension, Petitioner has not filed a reply in support of his petition. The Court, therefore, rules without the benefit of his views. For the reasons stated below, Petitioner's § 2254 petition [1] is denied. The Court declines to issue a certificate of appealability. Civil case terminated.

## STATEMENT

After a bench trial in the Circuit Court of Cook County, Jaime Guzman was convicted of eight counts of aggravated driving under the influence of alcohol, three counts of reckless homicide, and one count of aggravated reckless driving. *People v. Guzman*, 2014 IL App (1st) 121815-U (Ill. App. Ct. Sept. 30, 2014), ¶ 3. He was sentenced to various terms on the different counts for a total sentence of 24 years imprisonment. The Illinois Appellate Court "vacated defendant's convictions and sentences on seven of the eight counts of aggravated driving under the influence of alcohol, as violative of the one-act, one-crime rule; vacated one assessed fine and amended the fines, fees, and costs order to reflect the correct amount of presentence custody credit; and affirmed the remainder of the trial court's judgment." *Id*. The Illinois Supreme Court denied Petitioner's request for leave to appeal on September 24, 2008. *Id*. ¶ 4.

Petitioner did not file a petition for certiorari to the United States Supreme Court, see *id*. ¶ 9, so the judgment in the case became final on December 23, 2008. *See* U.S. S. Ct. R. 13.1 (a defendant has 90 days from the denial of a petition for leave to appeal to file a writ of certiorari). Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, Petitioner had one year from December 23, 2008 to file his § 2254 petition for habeas relief, but it was not filed until May 2015. Nor has Petitioner pointed to any exception to the application of the limitations period. Petitioner's filing for state postconviction relief in July 2009 does not toll the running of the statute of limitations because the state postconviction petition was dismissed as untimely. *See Guzman*, 2014 IL App (1st) 121815-U, ¶ 12; *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). Accordingly, the Court concludes that the petition is untimely and grants Respondent's motion to dismiss.

According to 28 U.S.C. § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted. *See Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of Petitioner's § 2254 petition. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Date**: October 7, 2015

_____
**Ronald A. Guzmán**
**United States District Judge**